## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN AMOS SMALL,      :      No. 3:09-CV-02023

         **Petitioner**      :      (Judge Mariani)

         v.      :

JEFFREY BEARD, Commissioner,      :
Pennsylvania, Department of
Corrections, LOUIS B. FOLINO,      :      THIS IS A CAPITAL CASE
Superintendent of the State Correctional
Institution at Greene; and FRANKLIN J.      :
TENNIS, Superintendent of the State
Correctional Institution at Rockview,      :

         **Respondents**      :

FILED
SCRANTON

SEP 2 5 2015

PER _____
DEPUTY CLERK

## MEMORANDUM

Presently pending before the Court is Petitioner John Amos Small's motion for

stay and abeyance of these federal proceedings. (Doc. 97.) Petitioner requests that

this Court stay these habeas proceedings while he returns to state court to pursue the

merits of a federal claim for relief with newly-discovered evidence. For the reasons set

forth herein, the motion to stay (Doc. 97) will be granted.

Petitioner is a state prisoner who has been convicted to death following his 1996

convictions for first-degree murder and related charges in York County, Pennsylvania.

*See Commonwealth v. Small*, 741 A.2d 666 (Pa. 1999). Petitioner's convictions

became final on October 2, 2000, following the denial of certiorari review by the United

States Supreme Court. *See Small v. Pennsylvania*, 121 S. Ct. 80 (2000). On

December 16, 2004, the Court of Common Pleas for York County granted Petitioner a

new trial in post-conviction proceedings. *See Commonwealth v. Small*, 980 A.2d 549

(Pa. 2009). However, on October 5, 2009, the Supreme Court of Pennsylvania

reversed that grant of relief. *See id.*

On October 17, 2009, Petitioner filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, raising nineteen (19) claims for relief. (Doc. 1.) After responsive and reply briefing were filed, Petitioner filed a motion for discovery on January 28, 2014. (Doc. 74.) Following briefing and oral argument, the Court granted the motion for discovery. (Doc. 84.)

After completion of the discovery process, on January 5, 2015, Petitioner filed a petition for collateral relief pursuant to Article I, Section 14 of the Pennsylvania Constitution and Pennsylvania's Post-Conviction Relief Act ("PCRA"), see 42 Pa. Cons. Stat. Ann. §§ 9541-9546, in the York County court. That PCRA petition, which is based on facts obtained in the discovery process, is currently pending.

On June 19, 2015, Petitioner filed in this Court a motion for leave to supplement his habeas petition with facts also obtained in the discovery process. (Doc. 94.) On July 14, 2015, the Court granted Petitioner's motion and accepted for filing the supplement to his habeas petition. (Doc. 95.)

Following the filings of his PCRA petition in state court and supplement to his habeas petition in this Court, Petitioner filed the instant motion for a stay of these federal proceedings. (Doc. 97.) In the motion, Petitioner contends that this Court should hold the instant federal proceedings in abeyance pending exhaustion of his PCRA petition in state court because both proceedings rely on the same newly discovered evidence, namely a statement from a Michelle Williams. The Court agrees and will grant Petitioner's motion subject to the conditions hereafter set forth.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court found that under certain circumstances it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state court. Id. at 277-78. In particular, the Supreme Court held that "it likely would be an abuse of

discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Under the circumstances presented in these habeas proceedings, *Rhines* counsels in favor of a stay of litigation in this case while Petitioner awaits final disposition of his PCRA petition relying on newly discovered evidence. That same newly discovered evidence also supports claims in the supplement to his habeas petition pending in this Court. Therefore, the Court finds a stay is appropriate. However, this stay will be conditioned upon Petitioner returning to federal court within thirty (30) days of the conclusion of his state court proceedings on his PCRA petition. *See id.*, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back") (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (thirty days is a reasonable time interval to give a petitioner to return to federal court following pendency of state court proceedings)).

An appropriate Order will issue.

Robert D. Mariani
United States District Judge

Dated: September 25, 2015