IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN AMOS SMALL, | : | Civil No. 3:09-cv-02023 |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| | : | THIS IS A CAPITAL CASE |
| LAUREL HARRY, et al., | : | |
| Respondents. | : | |

## ORDER

The background of this Order is as follows:

Petitioner's Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 122) is pending before the Court. Petitioner asserts that he is entitled to relief on three grounds: 1) the Court erred by denying his claim that trial counsel were ineffective for failing to call Darick Sofi and Robert Elzey (*id.* at 3-8); 2) the Court erred by denying the claim that his due process rights were violated because the Commonwealth relied on contradictory theories of the case (*id.* at 8-15); and 3) the Court erred by not issuing a certificate of appealability on the Sofi/Elzey claim (*id.* at 8). Respondents maintain that the Court correctly decided each of these issues. (Doc. 124 at 4-25.)

Federal Rule of Civil Procedure 59(e) allows a party to file a "motion to alter or amend a judgment" within 28 days of the entry of judgment. In the Third Circuit, "a judgment may be altered or amended" only upon a showing of: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of

law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). A motion under 59(e) "permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (quoting 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Thus, a motion wherein a petitioner merely rehashes arguments presented in previous filings is appropriately denied. *Lazardis*, 591 F.3d at 669; *Guiseffi v. Secretary United States Department of Homeland Security*, 810 F. App'x 96, 101 (3d Cir. 2020) (citing *Lazardis*, 591 F.3d at 669).

Petitioner does not point to a change in controlling law or the availability of new evidence. Rather, he points to Court error regarding the three identified issues.

The Court's May 15, 2025, Memorandum devoted twenty pages to consideration of every aspect of Petitioner's claim regarding counsel's failure to call Darick Sofi and Robert Elzey to testify about Larry Tucker's incriminating statements. (*See* Doc. at 25-46.) Petitioner's specific contention that "the Court erred in its assessment of the reliability of [Cerenna Hughes, Harry Carper, Janice Small, Linda Rhinehart, and Edward Moore]" (Doc. 122 at 7) is clearly an attempt to relitigate issues considered by the Court and to rehash evidence. Petitioner's disagreement with the Court's assessment does not provide any reason for the Court to alter its conclusion that Petitioner was not entitled to habeas relief on his claim related to Sofi and Elzey. (*See* Doc. 120 at 46-47.)

Similarly, Petitioner's assertion that the Court erred in its determination regarding the Commonwealth's theory of the case is also an attempt to relitigate the issue. The May 15, 2025, Memorandum thoroughly discussed Petitioner's claim that his due process rights were violated because the Commonwealth presented "inconsistent theories" as to Charles Small and concluded that Petitioner had not shown he was entitled to relief on the basis claimed. (*See* Doc. 120 at 94-Doc. 120-1 at 101.) Petitioner's current filing presents no basis to change the determination that "the Pennsylvania Supreme Court did not unreasonably apply relevant Supreme Court precedent or unreasonably determine the facts[,] and any aspects of the [inconsistent theory] claims not addressed by the state courts lack merit on de novo review." (Doc. 120-1 at 100-101.)

Despite the conclusion that Petitioner did not identify a basis to reconsider the determination that he was not entitled to relief on the Sofi/Elzey claim, upon further consideration of whether a certificate of appealability is warranted as to this claim, the Court concludes that the requisite standard has arguably been satisfied. A petitioner satisfies the requisite standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 481 (2000)). Petitioner points to the decisions of the PCRA court and Justice Todd's dissent on the Sofi/Elzey issue in the Pennsylvania Supreme Court's reversal of the PCRA Court's decision. (Doc. 122 at 8; Doc. 125 at 6.)

3

Procedurally, the PCRA Court had granted Petitioner a new trial based, in part, on the finding that trial counsel was ineffective for failing to call Sofi and Elzey, and the Pennsylvania Supreme Court reversed the PCRA Court's decision granting a new trial. *See Commonwealth v. Small*, 980 A.2d 549, 557, 579 (Pa. 2009) ("*Small-II*"). On the Sofi/Elzey claim, the majority identified the basis for reversal to be the determination that "none of Sofi's or Elzey's testimony could contradict any of the other evidence against [John Amos] Small]. Therefore, the verdict probably would not have been different." *Id.* at 560. Justice Todd filed a dissenting opinion in which she agreed that the PCRA Court's decision to grant a new trial was flawed, *id.* at 586, but, unlike the other six justices, Justice Todd believed that "the jurisprudentially prudent course of action is to remand the matter to the PCRA court for express credibility findings concerning witnesses Sofi and Elzey," *id.* at 588.

In the May 15, 2025, Memorandum, this Court denied Petitioner's Sofi/Elzey ineffective assistance of counsel claim based on the following conclusions:

> the Pennsylvania Supreme Court's adjudication of the *Strickland* prejudice prong did not result in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Court further concludes that the Pennsylvania Supreme Court's decision is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, even assuming *arguendo* that de novo review applies, the Court concludes that Petitioner has not demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

(Doc. 120 at 46-47.)

4

Given the bases for this Court's denial of the ineffective assistance of counsel claim related to Darick Sofi and Robert Elzey, Justice Todd's dissenting opinion indicates that a jurist of reason could disagree with the Court's resolution of this claim, i.e., the Court found the Pennsylvania Supreme Court majority's adjudication of the Sofi/Elzey claim constitutionally acceptable and Justice Todd disagreed with the majority. Therefore, the Court will grant a certificate of appealability on Petitioner's ineffective assistance of counsel claim related to the failure to call Sofi and Elzey as witnesses at trial.

ACCORDINGLY, THIS 30TH DAY OF JULY 2025, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 122) is **GRANTED** in part and **DENIED** in part;

2. The Motion is **GRANTED** insofar as the Court **ISSUES** a certificate of appealability only with respect to Petitioner's ineffective assistance of counsel claim related to trial counsel's failure to call Darick Sofi and Robert Elzey as witnesses;

3. The Motion is **DENIED** in all other respects.

_____
Robert D. Mariani
United States District Judge